Kevin J. O'Brien
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Phone: (212) 556-2100
kobrien@kslaw.com

Thaddeus D. Wilson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Phone: (404) 572-4600
thadwilson@kslaw.com

*Attorneys for Jeremie Beaudry*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC et al.,[1]<br><br>Reorganized Debtors.<br><br><br>MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MASHINSKY et al.,<br><br>Defendants. | Chapter 11<br>Case No. 22-10964-MG<br>(Jointly Administered)<br><br><br><br><br><br>No. 24-ap-03667-MG |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JEREMIE BEAUDRY'S MOTION TO WITHDRAW THE REFERENCE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); and Celsius US Holding LLC (7956). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 121 River Street, PH05, Hoboken, New Jersey 07030.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

BACKGROUND ..................................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

   THE COURT SHOULD WITHDRAW THE REFERENCE OF THIS ADVERSARY
   PROCEEDING FROM THE BANKRUPTCY COURT. ......................................................... 3

     A.  The Bankruptcy Court lacks jurisdiction to enter a final judgment.    4

        1.  The common law and state statute claims are non-core. ............................. 4

        2.  The Bankruptcy Court cannot decide the avoidance claims. ....................... 6

     B.  The remaining *Orion* factors favor withdrawal of the reference.    8

        1.  The first, second, fourth, and fifth *Orion* factors favor withdrawal. ............ 9

        2.  Withdrawal does not enable forum-shopping. ............................................ 10

        3.  Beaudry has made a jury demand. ............................................................... 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*29 Beekman Corp. v. Wansdown Props. Corp. N.V.*,
   No. 1:20-CV-10294 (MKV), 2021 WL 4481006 (S.D.N.Y. Sept. 29, 2021) ..........................10

*In re 610 W. 142 Owners Corp.*,
   219 B.R. 363 (Bankr. S.D.N.Y. 1998)......................................................................................5

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
   No. 03 MDL 1529 (LMM), 2006 WL 337667 (S.D.N.Y. Feb. 10, 2006)..............................10

*In re AlphaStar Ins. Grp. Ltd.*,
   383 B.R. 231 (Bankr. S.D.N.Y. 2008).......................................................................................2

*In re Arbco Capital Mgmt., LLP*,
   479 B.R. 254 (S.D.N.Y. 2012)...............................................................................................5, 7

*In re Bellingham Ins. Agency, Inc.*,
   702 F.3d 553 (9th Cir. 2012), *aff'd*, 573 U.S. 25 (2014) ..........................................................7

*In re Bennett Funding Grp., Inc.*,
   258 B.R. 67 (Bankr. N.D.N.Y. 2000) .......................................................................................9

*In re Bernard L. Madoff Inv. Sec. LLC*,
   740 F.3d 81 (2d Cir. 2014).......................................................................................................8

*Brown Publishing Co. v. Brown*,
   No. 15-cv-0531 (JS), 2017 WL 455418 (E.D.N.Y. Feb. 1, 2017)...........................................11

*In re Caceres*,
   No. 18-80776, 2023 WL 2543713 (Bankr. M.D.N.C. Feb. 27, 2023).......................................5

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
   462 B.R. 457 (S.D.N.Y. 2011)................................................................................................10

*DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*,
   464 B.R. 587 (S.D.N.Y. 2012)..................................................................................................4

*Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l*,
   905 F. Supp. 2d 526 (S.D.N.Y. 2012).......................................................................................9

*In re Empire Stat Grp., LLC,*
   No. 24-CV-04101 (ER), 2024 WL 3666381 (S.D.N.Y. Aug. 5, 2024)...........................3, 4, 11

*In re Erickson Ret. Communities, LLC*,
   No. BR 09-37010-SG11, 2012 WL 1999493 (D. Md. June 1, 2012).....................................11

*In re Extended Stay, Inc.*,
    466 B.R. 188 (S.D.N.Y. 2011) ................................................................................................8

*In re Fine Diamonds, LLC*,
    501 B.R. 159 (Bankr. S.D.N.Y. 2013) .....................................................................................5

*In re FKF 3, LLC*,
    No. 13-CV-3601 (KMK), 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016) ...............................5

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ...............................................................................................................6, 7

*Grassia v. Scully*,
    892 F.2d 16 (2d Cir. 1989) .....................................................................................................10

*Guevoura Fund Ltd. v. Sillerman*,
    No. 18 CIV. 9784 (CM), 2018 WL 6713124 (S.D.N.Y. Dec. 3, 2018) ....................................9

*In re Kossoff PLLC*,
    No. 23 CIV. 4132 (JPC), 2024 WL 1892432 (S.D.N.Y. Apr. 29, 2024) ..................................4

*Langenkamp v. Culp*,
    498 U.S. 42 (1990) ...............................................................................................................7, 8

*In re Latin Am. Roller Co.*,
    412 B.R. 15 (Bankr. D.P.R. 2009) ...........................................................................................9

*In re Lehman Bros. Holdings Inc.*,
    532 B.R. 203 (S.D.N.Y. 2015) .................................................................................................7

*In re Lyondell Chem. Co.*,
    467 B.R. 712 (S.D.N.Y. 2012) .................................................................................................7

*In re Madison Bentley Assocs., LLC*,
    474 B.R. 430 (S.D.N.Y. 2012) .................................................................................................7

*MBNA Am. Bank, N.A. v. Hill*,
    436 F.3d 104 (2d Cir. 2006) .....................................................................................................4

*Nisselson v. Salim*,
    No. 12 CIV. 92 PGG, 2013 WL 1245548 (S.D.N.Y. Mar. 25, 2013) ......................................8

*Nitel, Inc. v. Cerberus Bus. Fin., LLC*,
    No. 21-CV-05996 (VEC), 2021 WL 5770933 (S.D.N.Y. Dec. 3, 2021) .................................9

*Orion Pictures Corp. v. Showtime Networks, Inc.*,
    4 F.3d 1095 (2d Cir. 1993) ............................................................................................. *passim*

*Pryor v. Tromba*,
   No. 13-CV-676 JFB, 2014 WL 1355623 (E.D.N.Y. Apr. 7, 2014) ........................................... 7

*Roman Cath. Diocese of Rockville Ctr. v. Certain Underwriters at Lloyds, London*,
   634 B.R. 226 (S.D.N.Y. 2021) ................................................................................................ 9

*In re S.W. Bach & Co.*,
   425 B.R. 78 (Bankr. S.D.N.Y. 2010) ....................................................................................... 5

*In re Schatz*,
   452 B.R. 544 (Bankr. M.D. Pa. 2011) ..................................................................................... 6

*Scott v. AIG Prop. Cas. Co.*,
   No. 17 Civ. 1052 (GHW), 2017 WL 1380607 (S.D.N.Y. Apr. 17, 2017) ................................ 9

*In re Se. Materials, Inc.*,
   467 B.R. 337 (Bankr. M.D.N.C. 2012) .................................................................................... 6

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   No. 1:20-CV-04767-MKV, 2023 WL 6122905 (S.D.N.Y. Sept. 18, 2023) ........................... 11

*Stern v. Marshall*,
   564 U.S. 462 (2011) ........................................................................................................ *passim*

*Tilton v. MBIA Inc.*,
   620 B.R. 707 (S.D.N.Y. 2020) ................................................................................................ 4

*In re Turner Grain Merch., Inc.*,
   545 B.R. 261 (Bankr. E.D. Ark. 2016) .................................................................................... 6

*In re Weinstein*,
   237 B.R. 567 (Bankr. E.D.N.Y. 1999) ................................................................................... 11

*Wellness Int'l Network, Ltd. v. Sharif*,
   575 U.S. 665 (2015) ................................................................................................................ 7

*In re Windstream Holdings, Inc.*,
   No. 19-22312 (RDD), 2020 WL 1304147 (Bankr. S.D.N.Y. Mar. 17, 2020) .......................... 6

*In re WonderWork, Inc.*,
   No. 16-13607-SMB, 2020 WL 13719273 (S.D.N.Y. Jan. 23, 2020) ................................... 4, 5

**Statutes**

28 U.S.C. § 157(a) ........................................................................................................................ 3

28 U.S.C. § 157(b) ........................................................................................................................ 4

28 U.S.C. § 157(d) ..........................................................................................................1, 3

28 U.S.C. § 1334(b) ............................................................................................................3

Jeremie Beaudry submits this memorandum of law in support of his Motion to Withdraw the Reference to the Bankruptcy Court of the claims asserted against him in this action.

As set forth below, the Bankruptcy Court lacks jurisdiction to enter a final judgment on *any* of the claims against Beaudry in this proceeding. The District Court should thus withdraw the reference of the entire proceeding under 28 U.S.C. §157(d). Doing so now, at the outset of the case, will preserve judicial resources, promote the uniformity of bankruptcy administration, and avoid the risk of inconsistent rulings or issue preclusion that could deprive Beaudry of his Seventh Amendment right to a jury trial.

## BACKGROUND

Celsius Network LLC was a cryptocurrency company. In 2022, instability in crypto markets resulted in a record number of withdrawals for crypto lenders. *See* Compl. [Dkt. 1] ¶¶ 13–14, 157 (alleging that the "cryptocurrency market turned" in January 2022). As a result, in July 2022, Celsius Network LLC and its affiliates (collectively, "Celsius") filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. *See* Case No. 22-10964 (MG) ("Bankr. Dkt."), ECF 1. Thereafter, pursuant to a Bankruptcy Court-confirmed Plan of Reorganization, Plaintiff Mohsin Y. Meghji was appointed as the Litigation Administrator to bring certain claims belonging to the Debtors. *See* Bankr. Dkt., ECF 3972 (Confirmation Order & Plan); *see also* Compl. ¶ 22.

On July 10, 2024, Plaintiff, acting on behalf of and standing in the shoes of the Debtors (and their estates), filed the Complaint initiating this adversary proceeding naming Beaudry, along with several former Celsius executives (plus the spouse of one executive) and business entities allegedly owned by certain executives, as Defendants.[1] *See generally* Compl. The Complaint

---

[1] The other Defendants are: Celsius' co-founders, Alexander Mashinsky, Daniel Leon, and Hanoch "Nuke" Goldstein, *see* Compl. ¶ 1; Mashinsky's wife, Kristine Meehan Mashinsky, *id.* ¶ 32;

1

alleges (inaccurately) that Beaudry was the General Counsel and Chief Compliance Officer for Celsius from April 2020 until "the summer and early fall of 2021." *Id.* ¶¶ 29, 139. In fact, Beaudry held those titles only through January 2021, when he was demoted, shortly before leaving Celsius. Nevertheless, despite his brief tenure, of the thirty-six separate causes of action asserted in the Complaint, fifteen are directed at Beaudry:

(i) **six** common-law claims for breaches of fiduciary duties (Counts 1, 2, 5 & 7), breach of Director's duties (Count 6), and conspiracy to fraudulently misrepresent (Count 9);

(ii) **three** claims based on alleged violations of New York and New Jersey consumer protection statutes (Counts 10, 11 & 12); and

(iii) **six** claims seeking to avoid certain transfers either as fraudulent transfers under Sections 544, 548, and 550 of the Bankruptcy Code (Counts 19, 31, 32, 33 & 34) or as preferential payments under Sections 547 and 550 of the Bankruptcy Code (Count 13).[2]

On February 18, 2025, Beaudry filed his Answer, Dkt. 40, denying liability to Plaintiff and demanding a trial by jury. Aside from his Answer (and this motion), Beaudry has not filed any papers directed at the merits of this case, and no hearings have been held to consider the merits of the allegations in the Complaint.

---

Celsius' Chief Revenue Officer, Roni Cohen-Pavon, and Chief Investment and Financial Officer, Harumi Urata-Thompson, *id.* ¶ 5; CNL's Head of CeFi Trading, Johannes Treutler, and Head of Business Development for EMEA, Aliza Landes, *id.* ¶¶ 30–31; and various entities purportedly operated by Mashinksy, Leon, and Goldstein, *id.* ¶¶ 33–39.

[2] Plaintiff also names Beaudry, at least in the count captions, in two claims for disallowance and equitable subordination, brought pursuant to Sections 502(d) and 510(c) of the Bankruptcy Code (Counts 35 & 36). *See* Compl. ¶¶ 596–611. However, this appears to be in error, since Beaudry did not file a proof of claim in the underlying bankruptcy, and the Complaint is devoid of allegations stating otherwise. *See, e.g.*, *In re AlphaStar Ins. Grp. Ltd.*, 383 B.R. 231, 276 (Bankr. S.D.N.Y. 2008) (dismissing chapter 7 trustee's equitable subordination and disallowance claims against defendants who did not file claim against the debtor "for lack of case or controversy").

**ARGUMENT**

**THE COURT SHOULD WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING FROM THE BANKRUPTCY COURT.**

Under 28 U.S.C. § 1334(b), which confers federal court jurisdiction over bankruptcy-related matters, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." Under 28 U.S.C. § 157(a), a district court may provide that the bankruptcy-related proceedings over which it has § 1334(b) jurisdiction "shall be referred to the bankruptcy judges for the district." In the event of such a reference, the district court nevertheless "may withdraw, in whole or in part, any case or proceeding referred under [§ 157(a)], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

Plaintiff brought this adversary proceeding under the District Court's § 1334(b) bankruptcy-related jurisdiction. Pursuant to the U.S. District Court for the Southern District of New York's Amended Standing Order of Reference re: Title 11, this proceeding was automatically referred to the Bankruptcy Court. That reference, at least as to the claims against Beaudry, should be withdrawn.

Courts determine whether a proceeding, or claim within a proceeding, should be withdrawn pursuant to the Second Circuit's instructions in *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d Cir. 1993):

> First, a district court engages in a threshold inquiry to determine the bankruptcy court's authority to enter final judgment in the matter. Second, using this information, a district court evaluates whether considerations of judicial efficiency, uniformity of bankruptcy administration, the parties' jury trial rights, and the prevention of forum shopping favor withdrawal.

*In re Empire Stat Grp., LLC*, No. 24-CV-04101 (ER), 2024 WL 3666381, at *2 (S.D.N.Y. Aug. 5, 2024) (citing *Orion*, 4 F.3d at 1101).

3

### A.  The Bankruptcy Court lacks jurisdiction to enter a final judgment.

To determine the bankruptcy court's authority to enter final judgment, courts first ask whether the claims at issue are "core proceedings" under 28 U.S.C. § 157(b) because, under the Bankruptcy Code, a bankruptcy court can "determine" only those "core proceedings." *See Orion*, 4 F.3d at 1101. Moreover, in light of the Supreme Court's holding in *Stern v. Marshall*, 564 U.S. 462 (2011), if a claim is a statutorily "core proceeding," courts also must consider whether the bankruptcy court has the constitutional authority to decide the claim. *See, e.g.*, *Empire*, 2024 WL 3666381, at *2–3 (discussing the "modified" threshold inquiry under *Orion*); *In re Kossoff PLLC*, No. 23 CIV. 4132 (JPC), 2024 WL 1892432, at *3 (S.D.N.Y. Apr. 29, 2024) (applying the "*Orion* factors as modified by *Stern*"); *In re WonderWork, Inc.*, No. 16-13607-SMB, 2020 WL 13719273, at *2 (S.D.N.Y. Jan. 23, 2020) (same).

#### 1.  *The common law and state statute claims are non-core.*

"A proceeding that involves substantive rights created by federal bankruptcy law or that would have no existence outside of the bankruptcy is a core proceeding." *Tilton v. MBIA Inc.*, 620 B.R. 707, 719 (S.D.N.Y. 2020) (citing § 157(b), which defines bankruptcy jurisdiction, in part, as "all core proceedings arising under title 11"); *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108–09 (2d Cir. 2006) (core proceedings concern rights created by bankruptcy law). Conversely, a claim is non-core if it "does not depend on bankruptcy laws for its existence and . . . could proceed in a court that lacks federal bankruptcy jurisdiction." *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591 (S.D.N.Y. 2012). The Complaint's common-law and statute-statutory claims indisputably are "non-core."

***Common-law claims.*** Plaintiff brings six common-law claims against Beaudry alleging breaches of fiduciary and Director's duties (Counts 1, 2, 5, 6 and 7) and conspiracy to fraudulently misrepresent (Count 9). Courts uniformly recognize that because fiduciary duty claims against

4

corporate directors and officers arise outside of bankruptcy law and the cause of action itself is "a creature of state law," these claims are "non-core" and bankruptcy court may not enter a judgment over the objection of a non-debtor defendant. *See, e.g.*, *In re Arbco Capital Mgmt., LLP*, 479 B.R. 254, 266 (S.D.N.Y. 2012) (claims for breach of fiduciary duty involve "indisputably private rights"); *In re 610 W. 142 Owners Corp.*, 219 B.R. 363, 370 (Bankr. S.D.N.Y. 1998) (claims for breach of fiduciary duty do not apply bankruptcy law and are thus "non-core").[3] This also applies to vicarious liability for breaches of fiduciary duty, including "aiding and abetting" or "knowing participation." *See, e.g.*, *In re FKF 3, LLC*, No. 13-CV-3601 (KMK), 2016 WL 4540842, at *7 (S.D.N.Y. Aug. 30, 2016) (finding such claims "do not qualify as public rights over which the Bankruptcy Court has final adjudicative authority"); *In re S.W. Bach & Co.*, 425 B.R. 78, 95 (Bankr. S.D.N.Y. 2010). Likewise, fraudulent misrepresentation claims arise under state law such that a bankruptcy court "cannot (and even before *Stern v. Marshall*, could not) enter a final judgment." *In re Fine Diamonds, LLC*, 501 B.R. 159, 165 n.3 (Bankr. S.D.N.Y. 2013).

***State-statute claims.*** Plaintiff asserts in Counts 10, 11, and 12 that Defendants, including Beaudry, violated two New York statutes, N.Y. Gen. Bus. Law ("GBL") § 349(a) and § 350, which prohibit unfair and deceptive trade practices and false advertising, as well as the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1. *See* Compl. ¶¶ 285–299, 300–311, 312–322. These claims are also "non-core" because none are created by the Bankruptcy Code; none arise from the administration of the bankruptcy case; and all exist independently of bankruptcy law. *See, e.g.*, *In re Caceres*, No. 18-80776, 2023 WL 2543713, at *58 (Bankr. M.D.N.C. Feb. 27, 2023) (reasoning that unfair and deceptive trade practices claims are "based on state law, not on any right

---

[3] Moreover, if "claims for breach of fiduciary duty seek a legal remedy," this "gives Defendants a right to a jury trial under the Seventh Amendment." *WonderWork*, 2020 WL 13719273, at *2.

5

expressly created by the Bankruptcy Code and are not part of the claims-allowance process"); *In re Turner Grain Merch., Inc.*, 545 B.R. 261, 279 (Bankr. E.D. Ark. 2016) (granting request for permissive abstention of state-law claims arising under the state deceptive trade practices act); *In re Schatz*, 452 B.R. 544, 552 (Bankr. M.D. Pa. 2011) (finding claim under state consumer protection act was "non-core" proceeding); *In re Se. Materials, Inc.*, 467 B.R. 337, 360 (Bankr. M.D.N.C. 2012) (holding claims under state consumer fraud statutes do "not satisfy the first prong of the *Stern* test").

### 2. *The Bankruptcy Court cannot decide the avoidance claims.*

In his avoidance claims (Counts 13, 19, 31, 32, 33, and 34), Plaintiff alleges that Beaudry received fraudulent and preferential transfers. The Bankruptcy Court indisputably lacks constitutional authority to render a final decision on the avoidance claims because Beaudry did not file a proof of claim and has asserted his Seventh Amendment right to a jury trial before an Article III court. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989).

In *Granfinanciera*, the Supreme Court considered whether a defendant sued by the trustee in an adversary proceeding to recover an allegedly fraudulent transfer has a right to a jury trial if he "has not submitted a claim against a bankruptcy estate." *Id.* at 36. It held that when such an action is brought against a non-creditor defendant, it is neither part of the "process of allowance and disallowance of claims" nor integral to the "restructuring of debtor-creditor relations." *Id.* at 56–59 (noting that fraudulent conveyance actions brought under Section 548 are "quintessentially suits at common law" that assert private rights). *Granfinanciera* thus establishes a defendant who is sued by a trustee to recover alleged fraudulent conveyances who has not submitted a proof of claim against the bankruptcy estate enjoys a constitutional right to a jury trial. *See id.*; *see also In re Windstream Holdings, Inc.*, No. 19-22312 (RDD), 2020 WL 1304147, at *4 (Bankr. S.D.N.Y. Mar. 17, 2020).

A bankruptcy court's ability to render a final decision consistent with Article III turns on: "(1) whether the counterclaim involved a public or private right; (2) whether the process of adjudicating the creditor's proof of claim would resolve the counterclaim; and (3) whether the parties consented to final adjudication by the bankruptcy court." *In re Lehman Bros. Holdings Inc.*, 532 B.R. 203, 209 (S.D.N.Y. 2015); *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015) ("Absent consent, bankruptcy courts in non-core proceedings may only submit proposed findings of fact and conclusions of law, which the district courts review *de novo*."). Numerous courts in the Second Circuit have found that "after *Stern*, bankruptcy courts lack authority to issue final judgments on fraudulent conveyance claims brought against a person who has not submitted a claim against the estate." *In re Madison Bentley Assocs., LLC*, 474 B.R. 430, 438–39 (S.D.N.Y. 2012); *see also, e.g., In re Lyondell Chem. Co.*, 467 B.R. 712, 720 (S.D.N.Y. 2012) ("Under both *Stern* and *Granfinanciera*, . . . it is axiomatic that a fraudulent conveyance claim against a person who has not submitted a claim against a bankruptcy estate, brought solely to augment the bankruptcy estate, is a matter of private right.").[4]

The same reasoning applies to preferential transfer claims brought under section 547. *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (per curiam); *see also Stern*, 564 U.S. at 497. "Since a preference defendant is entitled to a jury trial before an Article III court where it has not filed a proof of claim against the bankruptcy estate, it follows that the preference defendant is entitled to have its claim finally adjudicated by an Article III judge." *Arbco*, 479 B.R. at 266; *see also, e.g., Pryor v. Tromba*, No. 13-CV-676 JFB, 2014 WL 1355623, at *5 (E.D.N.Y. Apr. 7,

---

[4] This is also true outside of the Second Circuit. *See, e.g.*, *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012) ("Taken together, *Granfinanciera* and *Stern* settle the question of whether bankruptcy courts have the general authority to enter final judgments on fraudulent conveyance claims asserted against noncreditors to the bankruptcy estate. They do not."), *aff'd*, 573 U.S. 25 (2014).

7

2014) ("Claims based on preferential transfers and alleged fraudulent conveyances are classified as core [by statute], but they do not fall under the public rights exception to *Stern*."); *Nisselson v. Salim*, No. 12 CIV. 92 PGG, 2013 WL 1245548, at *4 (S.D.N.Y. Mar. 25, 2013) (recognizing the "emerging consensus" after *Langenkamp* and *Stern* that "the Bankruptcy Court may not ordinarily enter final judgment on avoidance claims" including preferential conveyances); *cf. In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81, 95 (2d Cir. 2014) (allowing such claims to be heard by the bankruptcy court because defendant submitted a proof of claim).

Beaudry did not file a proof of claim and, in his Answer, has made a proper demand for jury trial. As such, Beaudry has a constitutional right to a trial by jury on the avoidance claims, and the Bankruptcy Court lacks authority to enter a final judgment on these claims.

**B.     The remaining *Orion* factors favor withdrawal of the reference.**

The remaining factors—"(1) judicial economy, (2) uniform bankruptcy administration, (3) reduction of forum shopping, (4) economical use of debtors' and creditors['] resources, (5) expediting the bankruptcy process, and (6) the presence of a jury demand"—strongly favor withdrawal of the reference. *See Orion*, 4 F.3d at 1101 (citation omitted). Indeed, these factors underscore why the District Court should withdraw the reference now and should not wait to do so until a later time.

To assess when to withdraw claims that, as here, must be decided by an Article III court, courts in this district examine the "bankruptcy court's familiarity with the litigation, whether the bankruptcy court will offer a swift resolution of the issues, and whether the withdrawal will lead to delays or increased costs for the parties." *In re Extended Stay, Inc.*, 466 B.R. 188, 198 (S.D.N.Y. 2011). Since all claims against Beaudry must be decided by the District Court, adjudicating them separately before the Bankruptcy Court unquestionably would increase the cost and complexity of this litigation, heighten the risk of inconsistent rulings and issue preclusion, and duplicate and

8

unnecessarily consume the resources of the court and the parties.

### 1. *The first, second, fourth, and fifth* Orion *factors favor withdrawal.*

The first factor, judicial economy, "depends largely on whether the claims asserted are core or non-core." *In re Latin Am. Roller Co.*, 412 B.R. 15, 23 (Bankr. D.P.R. 2009). As here, judicial economy favors withdrawal of the reference when "the claims against Defendants in the adversary proceeding do not 'squarely overlap' with the underlying bankruptcy case." *Nitel, Inc. v. Cerberus Bus. Fin., LLC*, No. 21-CV-05996 (VEC), 2021 WL 5770933, at *2 (S.D.N.Y. Dec. 3, 2021) (addressing non-core issues if the "bankruptcy estate has no interest in the outcome is hardly an efficient use of judicial resources"). Further, withdrawal of any claims that a bankruptcy court cannot ultimately decide—like the claims against Beaudry—promotes judicial economy if "no discovery or extensive motion practice has come before the bankruptcy court." *Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012); *see also In re Bennett Funding Grp., Inc.*, 258 B.R. 67, 77 (Bankr. N.D.N.Y. 2000).

Similarly, to evaluate the second factor, benefit to the uniformity of bankruptcy administration, "courts look to the nature of the cause of action [and] routinely find no benefit where claims are based on state law." *Dynegy*, 905 F. Supp. 2d at 533; *Scott v. AIG Prop. Cas. Co.*, No. 17 Civ. 1052 (GHW), 2017 WL 1380607, at *4 (S.D.N.Y. Apr. 17, 2017) (fraud allegations do not require an analysis of bankruptcy law, and thus will not adversely impact the uniformity of bankruptcy administration); *see also Roman Cath. Diocese of Rockville Ctr. v. Certain Underwriters at Lloyds, London*, 634 B.R. 226, 238 (S.D.N.Y. 2021) (finding this factor "neutral" as to non-core claims and granting motion to withdraw the reference). Further, this factor also favors early withdrawal when "the adversary proceeding has not yet progressed beyond the filing of a complaint [and f]ailing to withdraw the reference would require the parties to return to the proverbial starting line." *Guevoura Fund Ltd. v. Sillerman*, No. 18 CIV. 9784 (CM), 2018 WL

6713124, at *5 (S.D.N.Y. Dec. 3, 2018). This factor also leans in favor of withdrawal in this case.

The fourth and fifth *Orion* factors—fostering the economic use of the debtor's and creditors' resources and expediting the bankruptcy process—likewise support withdrawal to minimize the number of claims before the bankruptcy court that must be resolved later by an Article III court. *See, e.g.*, *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011) ("It would be inefficient to allow these proceedings to go forward, knowing that they will have to be substantially repeated."). This is particularly true if "no discovery has taken place, and no case management plan or other course of proceeding has been agreed on, bringing the actions before this Court will not cause undue delay or require any duplication of effort." *Id.* Importantly, immediate withdrawal also prevents *de novo* review of issues that would necessarily be determined based on live testimony and credibility determinations. *See Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised."); *see also In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2006 WL 337667, at *4–5 (S.D.N.Y. Feb. 10, 2006) (withdrawing the reference for core and non-core claims to avoid "duplication of effort" and "allow great savings to the parties" where the district court would inevitably have to review non-core claims *de novo*).

### 2. *Withdrawal does not enable forum-shopping.*

Forum shopping, the third *Orion* factor, occurs where a party seeks to withdraw the reference after receiving an unfavorable ruling from the bankruptcy court, even though the proceedings are well underway. *See 29 Beekman Corp. v. Wansdown Props. Corp. N.V.,* No. 1:20-CV-10294 (MKV), 2021 WL 4481006, at *7 (S.D.N.Y. Sept. 29, 2021) (denying motion to withdraw the reference made after an adverse summary judgment finding forum shopping weighed

heavily against withdrawal); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 1:20-CV-04767-MKV, 2023 WL 6122905, at *9 (S.D.N.Y. Sept. 18, 2023) ("As a general rule courts should employ withdrawal judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." (citations omitted)). Further, concerns over forum shopping are eliminated when "due to the bankruptcy court's limited adjudicative authority, the[] claims [will] end up before a district court irrespective of the outcome" of the bankruptcy court's rulings. *See Empire*, 2024 WL 3666381, at *8; *Brown Publishing Co. v. Brown*, No. 15-cv-0531 (JS), 2017 WL 455418, at *5 (E.D.N.Y. Feb. 1, 2017) (similar).

Here, the Bankruptcy Court has not issued any findings or rulings at all in this adversary proceeding, let alone those going to the merits of Plaintiff's claims. Beaudry's invocation of his constitutional right to a jury—which ***must*** happen here—likewise defeats any concerns of forum shopping. This factor thus favors withdrawing the reference. *See In re Erickson Ret. Communities, LLC*, No. BR 09-37010-SG11, 2012 WL 1999493, at *4 (D. Md. June 1, 2012) (finding no forum shopping where the bankruptcy court "made no substantive rulings in the adversary proceeding" and withdrawing the reference proper as to "nine non-core claims, three fraudulent conveyance claims which are core but must be decided by the District Court, and one avoidable preference claim which may be decided by the Bankruptcy Court or the District Court").

### 3. *Beaudry has made a jury demand.*

The final factor, whether a defendant has demanded a jury trial, favors withdrawal of the reference, too. If "somebody is entitled to assert a constitutional right to a jury trial in a civil action and that person or entity makes a timely demand, it is not the province of the federal courts to override that demand based upon its sophisticated and pragmatic concerns over cost-efficiency or deterring strategic gamesmanship." *In re Weinstein*, 237 B.R. 567, 574 (Bankr. E.D.N.Y. 1999). As explained above, Beaudry has properly demanded a jury trial in his Answer in this case.

11

## **CONCLUSION**

For the reasons above, the Bankruptcy Court lacks jurisdiction to decide any of the claims Plaintiff brings against Defendant Jeremie Beaudry in this action, and the District Court should withdraw the reference of the claims.

Dated: New York, New York  
February 18, 2025

Respectfully submitted,

*s/ Kevin J. O'Brien*  
Kevin J. O'Brien  
**KING & SPALDING LLP**  
1185 Avenue of the Americas  
New York, New York 10036  
Phone: (212) 556-2100  
kobrien@kslaw.com

Thaddeus D. Wilson (*pro hac vice*)  
**KING & SPALDING LLP**  
1180 Peachtree Street, NE  
Atlanta, Georgia 30309  
Phone: (404) 572-4600  
thadwilson@kslaw.com

*Attorneys for Jeremie Beaudry*