**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In re: |
| CELSIUS NETWORK LLC et al., |
| Reorganized Debtors. |

| | |
|---|---|
| MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors, | No. 1:25-cv-1414-DEH |
| Plaintiff, | |
| v. | |
| ALEXANDER MASHINSKY et al., | |
| Defendants. | |

**REPLY IN FURTHER SUPPORT OF**
**JEREMIE BEAUDRY'S MOTION TO WITHDRAW THE REFERENCE**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ................................................................................................................. i

ARGUMENT ............................................................................................................................... 1

    THE COURT SHOULD WITHDRAW THE REFERENCE OF THIS ADVERSARY
    PROCEEDING FROM THE BANKRUPTCY COURT. .......................................................... 1

        A.  The Bankruptcy Court lacks jurisdiction to enter a final judgment.      2

        B.  The remaining *Orion* factors favor withdrawal of the reference.      3

CONCLUSION ............................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*29 Beekman Corp. v. Wansdown Props. Corp. N.V.*,
    No. 1:20-CV-10294 (MKV), 2021 WL 4481006 (S.D.N.Y. Sept. 29, 2021) ..........................6

*In re Align Strategic Partners LLC*,
    No. 16-35702, 2019 WL 2527221 (Bankr. S.D. Tex. Mar. 5, 2019)........................................4

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
    462 B.R. 457 (S.D.N.Y. 2011)...................................................................................2, 3, 4

*DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*,
    464 B.R. 587 (S.D.N.Y. 2012)...............................................................................................4

*Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l*,
    905 F. Supp. 2d 526 (S.D.N.Y. 2012)....................................................................................5

*In re Empire Stat Grp., LLC*,
    No. 24-CV-04101 (ER), 2024 WL 3666381 (S.D.N.Y. Aug. 5, 2024) ...........................2, 4, 6

*Guevoura Fund Ltd. v. Sillerman*,
    No. 18 CIV. 9784 (CM), 2018 WL 6713124 (S.D.N.Y. Dec. 3, 2018)....................................5

*In re Nw. Airlines Corp.*,
    384 B.R. 51 (S.D.N.Y. 2008)..................................................................................................2

*Orion Pictures Corp. v. Showtime Networks, Inc.*,
    4 F.3d 1095 (2d Cir. 1993)......................................................................................... *passim*

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    No. 1:20-CV-04767-MKV, 2023 WL 6122905 (S.D.N.Y. Sept. 18, 2023)............................6

*United States v. Jones*,
    43 F.4th 94 (2d Cir. 2022) .....................................................................................................5

**Statutes**

28 U.S.C. § 1334(b) .......................................................................................................................3

28 U.S.C. § 157.............................................................................................................................3

Jeremie Beaudry submits this reply in further support of his Motion to Withdraw the Reference to the Bankruptcy Court of the claims asserted against him in this action.

Beaudry seeks to withdraw the reference of the claims against him because they are non-core claims over which only the District Court may enter any final order and the transfer of which now, before any substantive litigation begins, will promote judicial efficiency. In his Opposition [Dkt. 18], Plaintiff begrudgingly concedes the former—that this Court is required to determine the claims—and even recognizes that the reference of his claims against Beaudry ultimately must be withdrawn. But he opposes the motion, at least in part, on the ground that this action should be litigated in both the Bankruptcy Court and this Court. Plaintiff argues that the Bankruptcy Court should preside over pretrial matters and issue reports and recommendations to the District Court— which would then review those matters *de novo* upon additional briefing by the parties—and that the District Court then should fully take over the action later because of Beaudry's rights to Article III adjudication and a jury trial. Plaintiff's two-court proposal is based on his assertion that the Bankruptcy Court has "familiarity" with *other* proceedings involving *other* parties—without any explanation as to how those proceedings are relevant here or could in any way be binding on Beaudry (they cannot). The factors governing this motion in no way support Plaintiff's two-court proposal. On the contrary, those factors show that the District Court must preside over this action and that doing so now, before substantive litigation begins, is the most efficient and economical use of judicial resources and the parties' limited resources.

## ARGUMENT

### THE COURT SHOULD WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING FROM THE BANKRUPTCY COURT.

Plaintiff acknowledges that the test in *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d Cir. 1993), governs this motion:

> First, a district court engages in a threshold inquiry to determine the bankruptcy court's authority to enter final judgment in the matter. Second, using this information, a district court evaluates whether considerations of judicial efficiency, uniformity of bankruptcy administration, the parties' jury trial rights, and the prevention of forum shopping favor withdrawal.

*In re Empire Stat Grp., LLC*, No. 24-CV-04101 (ER), 2024 WL 3666381, at *2 (S.D.N.Y. Aug. 5, 2024) (citing *Orion*, 4 F.3d at 1101). But Plaintiff's Opposition otherwise ignores or distorts the factors set forth in *Orion*, which plainly support withdrawal of the reference now.

### A.  The Bankruptcy Court lacks jurisdiction to enter a final judgment.

Plaintiff does not seriously dispute that the claims he asserts against Beaudry are statutorily and/or constitutionally non-core and that Beaudry has not consented to the jurisdiction of the Bankruptcy Court—meaning that only this Court, not the Bankruptcy Court, can enter a final judgment on those claims.[1] That is the end of the *Orion* threshold inquiry, and it unquestionably, and strongly, supports withdrawal. *See, e.g.*, *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011) ("The primary factor in deciding a motion to withdraw is whether or not the Bankruptcy Court has the authority to finally determine the [claims].").

Plaintiff attempts to muddle this straightforward inquiry by ignoring Beaudry and arguing, at length, that his Complaint contains core claims against *other* Defendants that he says "must be

---

[1] Plaintiff half-heartedly suggests that, by preserving any setoff defenses in his original Answer, Beaudry may have converted the non-core claims against him into core ones. (Opp. at 9-10.) Beaudry's operative Amended Answer [Adv. Proc. Dkt. 69] does not include any setoff defenses, rendering Plaintiff's assertion irrelevant. To be clear, though, Plaintiff is wrong. Even a setoff claim (as opposed to defense) can subject a defendant to bankruptcy court jurisdiction only if "(1) the proceeding arises out of the same transaction as the creditor's proofs of claim or setoff claim, or (2) the adjudication of the adversary proceeding claim would require consideration of issues raised by the proofs of claim or setoff claim such that the two claims are logically connected." *In re Nw. Airlines Corp.*, 384 B.R. 51, 58 (S.D.N.Y. 2008) (quotations omitted).

2

decided by the Bankruptcy Court." (Opp. at 9-11, 15.) *First*, Plaintiff is wrong that ***any*** claims "must be decided by the Bankruptcy Court" because, in fact, bankruptcy courts decide only those claims that district courts properly choose to refer to them—and always may choose to take back. *See* 28 U.S.C. § 1334(b) (conferring bankruptcy jurisdiction on "district courts"); *id.* § 157 (allowing district courts to refer the matters over which they have bankruptcy jurisdiction to bankruptcy courts and also allowing district courts to withdraw those references). *Second*, regardless of whether the Bankruptcy Court can decide any claims against other Defendants here, those claims are irrelevant to whether the Bankruptcy Court can enter a final judgment against Beaudry. Although other Defendants have joined Beaudry's motion to seek withdrawal as to the claims against them (and they have argued persuasively that Plaintiff's claims against them also are non-core), the strength of their motions has no bearing on the question at hand: whether the Bankruptcy Court can enter a final judgment against Beaudry. *See, e.g.*, *Dev. Specialists*, 462 B.R. at 472 (holding that, where one of several defendants had a jury right, "the proceedings against [that defendant] at least will be withdrawn"). There is no question that it cannot.

### B.    The remaining *Orion* factors favor withdrawal of the reference.

Because Beaudry is entitled to a jury trial and only this Court can enter a final judgment with respect to Beaudry, Plaintiff admits, as he must, that his claims against Beaudry ultimately must be withdrawn to this Court. (*E.g.*, Opp. at 11 ("The fact that Mr. Beaudy and certain of the other Defendants may be entitled to a jury trial . . . .").) But in an effort to stall that result, Plaintiff argues that the remaining *Orion* factors favor delaying the withdrawal such that the Bankruptcy Court would expend its time and resources on the case now and the District Court would review, *de novo*, the Bankruptcy Court's actions along the way and then ultimately take over the case itself later. The remaining *Orion* factors are "(1) judicial economy, (2) uniform bankruptcy administration, (3) reduction of forum shopping, (4) economical use of debtors' and creditors[']

3

resources, (5) expediting the bankruptcy process, and (6) the presence of a jury demand." 4 F.3d at 1101 (citation omitted). These factors in no way support the two-court, double-litigation process that Plaintiff seeks.

*Judicial economy and economical use of resources.* Only this Court can enter final judgment, and the efficiencies of withdrawal now—for both judicial economy and the economical use of the parties' limited resources as well as expedition of the bankruptcy—thus are self-evident. "Because the Bankruptcy Court is not able to finally determine these proceedings without the consent of the [defendants]—which does not appear to be forthcoming—any recommendations it makes will need to be reviewed *de novo* in this [District] Court. It would be inefficient to allow these proceedings to go forward, knowing that they will have to be substantially repeated." *Dev. Specialists*, 462 B.R. at 472; *accord In re Empire Stat Grp., LLC*, No. 24-cv-4101, 2024 WL 3666381, at *6 (S.D.N.Y. Aug. 5, 2024); *see also, e.g.*, *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 593 (S.D.N.Y. 2012) ("As a non-core proceeding, the bankruptcy court's power will be limited to making recommendations to the District Court . . . . Such duplicate reviews of the contracts and facts are costly and time-consuming, and unnecessarily expend judicial resources."). Transferring the claims **now**, at the outset of the case, not only eliminates unnecessary duplicative litigation but also allows the District Court to "gain familiarity with the facts" of the claims "well before trial, and then hold a jury trial." *In re Align Strategic Partners LLC*, No. 16-35702, 2019 WL 2527221, at *4 (Bankr. S.D. Tex. Mar. 5, 2019).

Plaintiff's response to these obvious efficiencies is to ignore them and to instead argue that the underlying bankruptcy cases are "complicated." (Opp. at 13.) Plaintiff fails to articulate how that supposition, even if true, makes his two-court proposal economical other than to present a bullet-list of decisions that the Bankruptcy Court has entered in different contested matters and

adversary proceedings, asserting different claims against different defendants, to which Beaudry was not a party. (*Id.*) Plaintiff does not even attempt to explain how those decisions are relevant here. They are not as they all concern facts and claims pertaining to the alleged actions of non-parties. No rulings or findings from those or any other proceedings could in any way be binding here, which is litigation that concerns the alleged actions of, and receipt of transfers by, Beaudry. *See, e.g.*, *United States v. Jones*, 43 F.4th 94, 103 (2d Cir. 2022) ("[W]ith only narrow exceptions, nonparties are not subject to issue preclusion."). More importantly, Plaintiff does not, and cannot, show how the existence of these other rulings would make Plaintiff's proposal—proceeding before the Bankruptcy Court and then again before this Court—more efficient for either the Courts or the parties.[2]

**Uniform bankruptcy administration.** In evaluating the "uniform bankruptcy administration" factor, "courts look to the nature of the cause of action [and] routinely find no benefit where claims are based on state law," *Dynegy Danskammer, LLC v. Peabody Coaltrade Int'l*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012), and they consider whether "the adversary proceeding has not yet progressed beyond the filing of a complaint," *Guevoura Fund Ltd. v. Sillerman*, No. 18 CIV. 9784 (CM), 2018 WL 6713124, at *5 (S.D.N.Y. Dec. 3, 2018). Plaintiff makes no attempt to address this factor as prescribed—because his claims are non-core and have not advanced beyond the pleadings. Instead, Plaintiff offers a distraction: that the Bankruptcy Court has instituted procedures to try numerous preference-avoidance actions in a "consolidated" proceeding. (Opp. at 7, 14-15.) Plaintiff does not explain how those procedures have any relevance to this action, other than to falsely suggests to this Court that the "consolidated" proceeding

---

[2] To the extent Plaintiff believes that any decisions in those other proceedings are relevant to issues in this action, Plaintiff remains free to cite them to this Court as supportive authority.

includes the claims at issue in this action. It does not. The "consolidated" proceeding that Plaintiff references was established to coordinate a set of specifically identified preference-avoidance actions that Plaintiff instituted against Celsius **customers**. (*See* Dkt. No. 2, No. 24-4024 (Bankr. S.D.N.Y. Sept. 9, 2024); *see also id.* Dkt. No. 36 (the "Preference Procedures Order" that Plaintiff cites; lists the proceedings to which it applies and does not include this one).) Beaudry is not a party to that "consolidated" customer proceeding; he has no right or standing to participate in that proceeding; and no claim at issue in this action is or in any way could be part of or impacted by that "consolidated" proceeding.

      ***Forum shopping.*** Plaintiff argues that granting withdrawal would promote forum shopping simply because withdrawal would result in this action being transferred from the Bankruptcy Court, which necessarily has presided over the underlying bankruptcy case, to this Court. If that were how the forum-shopping factor were analyzed, the factor never would support withdrawal. Under *Orion*, as set forth in Beaudry's opening brief, forum shopping occurs where a party seeks to withdraw the reference after receiving an unfavorable ruling from the bankruptcy court, even though the proceedings are well underway, and fears over forum shopping are not even a concern when the action will "end up before a district court irrespective of the outcome" of the bankruptcy court's rulings. *See Empire*, 2024 WL 3666381, at *8; *29 Beekman Corp. v. Wansdown Props. Corp. N.V.,* No. 1:20-CV-10294 (MKV), 2021 WL 4481006, at *7 (S.D.N.Y. Sept. 29, 2021); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 1:20-CV-04767-MKV, 2023 WL 6122905, at *9 (S.D.N.Y. Sept. 18, 2023). Plaintiff ignores that standard because it indisputably shows that no forum shopping concerns are raised by this motion (other than to highlight Plaintiff's own improper attempt to forum shop by arguing that a court without adjudicative authority still should preside): The Bankruptcy Court has not issued any adverse rulings in this action; the action

is just beginning; and the action ultimately will come before this Court because of Beaudry's rights to District Court adjudication and a jury trial.

**Jury Demand.** Plaintiff does not dispute that Beaudry has invoked his right to a jury trial, so he ignores it. But Beaudry's jury demand must be considered, and it weighs in favor of withdrawal.

**Prejudice.** All of the *Orion* factors, properly considered, support withdrawal, so Plaintiff invents a new factor by arguing that Beaudry has not "identified any prejudice that would result if the Motion was denied." (Opp. at 16.) Beaudry has no such burden, but Plaintiff nevertheless demonstrates the potential prejudice he intends to impose on Beaudry in the Bankruptcy Court— a court in which Beaudry has never consented to jurisdiction. Throughout his Opposition, Plaintiff points to the other proceedings before the Bankruptcy Court to which Beaudry is not a party, including the "consolidated" proceeding, to argue that rulings in those proceedings will be applied against Beaudry. If true, Beaudry would be deprived of both the right to participate in the litigation of the issues at hand and the right to have those issued decided in an Article III court. To the extent the Court considers prejudice, it supports withdrawal now—to protect Beaudry's rights.

## <u>CONCLUSION</u>

For the reasons above and in Beaudry's opening brief, the District Court should withdraw the reference of the claims to Bankruptcy Court.

Dated: New York, New York  
      March 11, 202

Respectfully submitted,

*/s/ Kevin J. O'Brien*
Kevin J. O'Brien
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, New York 10036
Phone: (212) 556-2100
kobrien@kslaw.com

Thaddeus D. Wilson (*pro hac vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Phone: (404) 572-4600
thadwilson@kslaw.com

*Attorneys for Jeremie Beaudry*

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing memorandum of law, excluding the caption, tables of contents and authorities, and signature block, contains 2,287 words and complies with Rule 7.1(c) of the Court's Local Rules.

Dated: March 11, 2025                    <u>*/s/ Kevin J. O'Brien*</u>
      New York, New York            Kevin J. O'Brien