UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC et al.,<br><br>Reorganized Debtors. | 25 Civ. 1414 (DEH) |
| MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER MASHINSKY et al.,<br><br>Defendants. | **MEMORANDUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court are: (1) Defendant Jeremie Beaudry's Motion to Withdraw the Reference to the Bankruptcy Court of the claims asserted against him in this action, ECF No. 1 ("the Withdrawal Motion"),[1] and (2) Beaudry's Motion to Stay Discovery pending resolution of the Withdrawal Motion, ECF No. 30 ("the Stay Motion"). For the reasons given below, the Withdrawal Motion is **DENIED WITHOUT PREJUDICE**, and the Stay Motion is **DENIED AS MOOT**.

## LEGAL STANDARD

Withdrawal of the reference to a bankruptcy court is governed by section 157(d) of Title 28 of the United States Code, which provides: "The district court may withdraw, in whole or in

---

[1] Various other Defendants in this action joined the Withdrawal Motion by filing reply memoranda in support of the Motion. See ECF Nos. 23, 24, and 25.

part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The Second Circuit has held that a district court should consider various factors when deciding whether such cause is shown, including "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). "The initial inquiry in evaluating a request for permissive withdrawal is whether the claim is core or non-core, and after the court makes that determination 'it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re G.M. Crocetti, Inc.*, No. 8 Civ. 6239, 2008 WL 4601278, at *2 (S.D.N.Y. Oct. 15, 2008) (quoting *In re Orion*, 4 F.3d at 1101). "While the core/non-core inquiry is important, no one factor is dispositive." *Id.* (citing *Nw. Airlines, Inc. v. City of Los Angeles*, 384 B.R. 51, 56 (S.D.N.Y. 2008)). The moving party "bear[s] the burden of showing that permissive withdrawal of the reference is warranted." *Nisselson v. Salim*, No. 12 Civ. 92, 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013).

## DISCUSSION

Beaudry contends that the reference, at least with respect to the claims against him, should be withdrawn because: (1) the common law and state statutory claims alleged against him are non-core claims, *see* Def.'s Mem. L. Supp. Withdrawal Mot. ("Def.'s Mem.") at 3-6, ECF No. 1-1; and (2) the Bankruptcy Court lacks constitutional authority to render a final decision on the remaining claims against him, because Beaudry did not file a proof of claim in the bankruptcy proceeding, "and has asserted his Seventh Amendment right to a jury trial before an Article III court," *id.* at 6 (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989)). Beaudry further argues that the remaining *Orion* factors weigh in favor of withdrawal. *See id.* at 8-11. Plaintiff responds by

2

arguing, *inter alia*, that the Withdrawal Motion is premature, because even where a party is entitled to an Article III jury trial on certain claims, a case may remain with the Bankruptcy Court until it is ready for trial. *See* Pl.'s Mem. L. Opp'n to Def.'s Withdrawal Mot. ("Pl.'s Opp'n") at 11, ECF No. 18 (citing *Enron Power Mktg., Inc. v. Va. Elec. (In re Enron Corp.)*, 318 B.R. 273, 275 (S.D.N.Y. 2004)).

The Court agrees. *In re Enron* denied a similar motion where, as here, the movant failed to seek an initial determination from the bankruptcy court that the claims at issue are non-core, and further held that even if a claim is non-core, a district court may exercise its discretion to "not withdraw the reference of the case to the Bankruptcy Court until the case is trial-ready." 318 B.R. at 275. First, as the *In re Enron* court explained, courts in the Second Circuit have interpreted the governing statue, 28 U.S.C. § 157(d), "as requiring a party to seek an initial determination from the bankruptcy court concerning whether a proceeding is core or non-core before moving to withdraw the reference in part on the grounds that the proceeding is non-core." *Id.* (citing *In re Formica Corp.*, 305 B.R. 147, 149 (S.D.N.Y. 2004) and *United Illuminating Co. v. Enron Power Mktg., Inc.*, 3 Civ. 5078, 2003 WL 22171695 (S.D.N.Y. Sep. 22, 2003)). Here, as there, the movant has not sought such an initial determination from the Bankruptcy Court.

Second, *In re Enron* further explained that, even if a claim is non-core and the movant has a right to a jury trial, the issue of withdrawal of a reference becomes ripe only once the case is trial ready. *See id.* (citing *In re Kenai Corp.*, 136 B.R. 59, 61 (S.D.N.Y.1992)). Until that point, the Bankruptcy Court is generally "in a superior position to manage what are likely to be complex pretrial proceedings in th[e] case," such that "retaining the reference of th[e] case to the Bankruptcy Court until the case is trial-ready would further the interests of judicial economy . . . ." *Id.* at 275-76. *See also McHale v. Citibank, N.A.*, No. 9 Civ. 6064, 2009 WL 2599749, at *5 (Aug. 24, 2009) (holding that, even assuming that the proceeding is non-core in nature, this factor is not dispositive

and that "a bankruptcy court can appropriately conduct pre-trial proceedings in a non-core action even if the jury trial must ultimately be conducted by a district court").

Beaudry has no real answer to this point. In his Reply, he continues to argue that the claims at issue are non-core, and that the *Orion* factors favor withdrawal. *See generally* ECF No. 19. But he does not respond to Plaintiff's contention that the Withdrawal Motion is premature; nor does he attempt to distinguish this case from *In re Enron*.[2] Accordingly, the Withdrawal Motion is denied.

## CONCLUSION

For the reasons stated above, the Withdrawal Motion is **DENIED WITHOUT PREJUDICE**. Because the Withdrawal Motion is denied, and Stay Motion is **DENIED AS MOOT**. The Clerk of Court is respectfully directed to close ECF Nos. 1 and 30.

SO ORDERED.

Dated: November 17, 2025
New York, New York

_____
DALE E. HO
United States District Judge

---

[2] Because the motion is premature, the Court does not consider the remaining *Orion* factors in detail, but notes that it agrees that the those factors favor denial of the motion because the Bankruptcy Court is best positioned to continue case management here given its familiarity with this litigation. *See* Pl.'s Opp'n at 13-14.